201-1061                              JJM                              #35665

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTER DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY D. JORDAN, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: 2016 cv 157 |
| v. | ) | |
| | ) | |
| J.E. KLAMENRUS, #2032, L.C. BLAYDES, | ) | |
| #4905, E.T. BUBACZ, # 13632, T.A. | ) | |
| RILEY, #6518, CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

### THIRD AMENDED COMPLAINT AT LAW

Plaintiff, TIMOTHY D. JORDAN, II, by and through his attorneys, LAW OFFICES OF JOHN J. MEEHAN, P.C., complains of the defendants, CITY OF CHICAGO, J.E. KLAMENRUS, #2032, L.C. BLAYDES #4905, E.T. BUBACZ, # 13632, T.A. RILEY, #6518, and states as follows:

### Introduction

1. Plaintiff brings this action pursuant to 42 U.S.C. Sec. 1983 to vindicate the violation of his rights secured by the United States Constitution and the laws of the State of Illinois.

2. Defendant, L.C. Blaydes, without explanation, justification, or provocation battered and assaulted Plaintiff, Timothy Jordan, II, as he was lawfully walking on a public walkway near his home.

3. Subsequently, Defendant, Blaydes, in conjunction and agreement with the defendants, J.E. Klamenrus, E.T. Bubacz and T.A. Riley, untruthfully alleged that the plaintiff, Timothy Jordan, II, possessed a firearm at the time they encountered him.

4. The aforesaid acts, as spelled out further below, caused Timothy Jordan, II, physical injury, wrongful incarceration and deprived him of his civil rights.

## Jurisdiction and Venue

5. This Court has jurisdiction over Mr. Jordan, II's federal claims pursuant to 28 U.S.C Sec. 1331, and over his state law claims pursuant to 28 U.S.C. 1367.

6. Venue is proper because the individual defendants reside in this district. Moreover, all of the events giving rise to the claims asserted herein occurred within this district.

## Parties

7. Plaintiff, Timothy D. Jordan, II, was a resident of the City of Chicago at all relevant time and currently resides in Cook County, Illinois.

8. The City of Chicago is an Illinois municipal corporation that operates the City of Chicago Police Department.

9. Defendants, J.E. Klamerus, L.C. Blaydes, E.T. Bubacz and T.A. Riley, were at all relevant times to this Second Amended Complaint law enforcement officers of various ranks within the City of Chicago Police Department ("Department").

10. At all relevant times, the defendant Officers acted under color of law and within the scope of their employment for the defendant, City of Chicago, and the Department. They are sued in their individual capacities.

## Factual Allegations

11. On or about April 30, 2014, Timothy Jordan, II, was lawfully standing at the front of his aunt's house in her walkway at 7355 S. Kingston Avenue, Chicago, Illinois waiting for a ride to the hospital to visit his brothers and friends who had recently been shot.

12. On or about April 30, 2014, an unmarked Police SUV driving eastbound on 74th Street and turned northbound on Kingston Avenue and stopped in front of the house of Timothy Jordan, II's aunt's house at 7355 S. Kingston Avenue, Chicago, Illinois.

13. On or about April 30, 2014, two City of Chicago Police officers, L.C. Blades and E.T. Bubacz exit the unmarked SUV and without justification or cause placed the plaintiff, Timothy Jordan, II, in handcuffs and conducted a search of his person.

14. On or about April 30, 2014, at approximately 9:00 p.m. to 10:00 p.m., the search on the plaintiff, Timothy Jordan, II's, person by the defendant officers, L.C. Blaydes and E.T. Bubacz, did not reveal any firearm or illegal contraband.

15. On or about April 30, 2014, the defendant officers, L.C. Blaydes and E.T. Bubacz, seized the plaintiff, Timothy Jordan, II's, cell phone and identification and handed it to an unknown officer believed to be T.A. Riley in the unmarked SUV.

16. On or about April 30, 2014, the unknown officer in the unmarked SUV, now believed to be T.A. Riley yelled to the two defendant officers, L.C. Blaydes and E.T. Bubacz, that the plaintiff, Timothy Jordan, II, was a felon "and a big one at that."

17. On or about April 30, 2014, the handcuffed and detained plaintiff, Timothy Jordan, II, verbally protested his unjustified detention and unlawful search, and was struck in the face by the defendant officer, L.C. Blades who then ordered Mr. Jordan to "shut up."

18. On or about April 30, 2014, the defendant officers, L.C. Blaydes and E.T. Bubacz, walked the plaintiff, Timothy Jordan, II, to the northwest corner of 74th Street and Kingston Avenue and transferred to a Paddy wagon without ever having been read his *Miranda* rights.

19. On or about April 30, 2014, the Paddy wagon stopped and a uniformed Chicago Police Officer opened the door and began interrogating Mr. Jordan asking if he shot four people and where he intended to retaliate, to which allegations Mr. Jordan denied

20. On or about April 30, 2014, the plaintiff, Timothy Jordan, II, was then taken to the City of Chicago Police station at 51st and Wentworth Avenue, Chicago, Illinois where he was booked, fingerprinted, interrogated and given a Gun Shot Residue test.

21. On or about April 30, 2014, the plaintiff, Timothy Jordan, II, was advised for the first time that he was being accused of having a gun on his person that was recently "stove-piped" and discharged.

22. On or about April 30, 2014, the defendant officers, L.C. Blaydes and E.T. Bubacz, swore out a complaint for 2 counts of unlawful use or possession of a weapon by a felon and 6 counts of aggravated unlawful use of a weapon, which was approved by their supervisor, J.E. Klamerus.

23. On and after April 30, 2014, the plaintiff, Timothy Jordan, II, sat incarcerated awaiting trial in the Cook County Department of Corrections.

24. The gun that was alleged to have been possessed by the plaintiff, Timothy Jordan, II, was forensically tested and found to have been recently discharged prior to the arrest.

25. The plaintiff, Timothy Jordan, II, was tested for Gun Shot Residue immediately after his arrest and was found to have no gun shot residue on his person or clothing.

26. The actions of the defendant officers was consistent with the City of Chicago Police Department's practice and policies of targeting African Americans and using excessive force, conspiring to hide excessive force, fabricating evidence and using criminal prosecution to further punish those within this classification and working to insulate City of Chicago Police

Department officers from formal investigation into their misconduct. Policymakers for the City of Chicago know of, and have ratified, these unlawful policies.

### Count I-Section 1983 Fourth Amendment-Excessive Force

27. Plaintiff, Timothy Jordan, II, adopts and incorporates his allegations contained in paragraphs No. 1-26 as his allegations for paragraph No. 27 as though fully set forth herein.

28. Defendant Officer, L.C. Blaydes, conduct toward the plaintiff constituted excessive force in violation of the Fourth Amendment constitutional rights.

WHEREFORE, the plaintiff, TIMOTHY D. JORDAN, II, prays for an order granting judgment in favor of the plaintiff and against the defendant, OFFICER, L.C. BLAYDES, and seeks compensatory damages in an amount in excess of $100,000, including punitive damages and attorney's fees and for whatever other relief this court deems just and reasonable.

### Count II-Section 1983 Fourth Amendment-False Imprisonment

29. Plaintiff, Timothy Jordan, II, adopts and incorporates his allegations contained in paragraphs No. 1-26 as his allegations for paragraph No. 29 as though fully set forth herein.

30. Defendant Officers, L.C. Blaydes, T.A. Riley, J.E. Klamenrus, and E.T. Bubacz's conduct resulted in the false imprisonment of the plaintiff, Timothy Jordan, II, for over five years in violation of the Fourth Amendment constitutional rights.

WHEREFORE, the plaintiff, TIMOTHY D. JORDAN, II, prays for an order granting judgment in favor of the plaintiff and against the defendants, OFFICERS L.C. BLAYDES, J.E. KLAMENRUS, and E.T. BUBACZ, and seeks compensatory damages in an amount in excess of $100,000, including punitive damages and attorney's fees and for whatever other relief this court deems just and reasonable.

### Count III-Section 1983 Fourth Amendment-Malicious Prosecution

31. Plaintiff, Timothy Jordan, II, adopts and incorporates his allegations contained in paragraphs No. 1-26 as his allegations for paragraph No. 31 as though fully set forth herein.

32. Defendant Officers, L.C. Blaydes, T.A. Riley, J.E. Klamenrus, and E.T. Bubacz's conduct was a direct and proximate cause of the false charges brought against the plaintiff, Timothy Jordan, II, in violation of the Fourth Amendment constitutional rights that resulted in his incarceration for over five years.

WHEREFORE, the plaintiff, TIMOTHY D. JORDAN, II, prays for an order granting judgment in favor of the plaintiff and against the defendants, OFFICERS L.C. BLAYDES, J.E. KLAMENRUS, and E.T. BUBACZ, and seeks compensatory damages in an amount in excess of $100,000, including punitive damages and attorney's fees and for whatever other relief this court deems just and reasonable.

### Count IV-Section 1983 Fourteenth Amendment-Fabrication of Evidence

33. Plaintiff, Timothy Jordan, II, adopts and incorporates his allegations contained in paragraphs No. 1-26 as his allegations for paragraph No. 33 as though fully set forth herein.

34. Defendant Officers, L.C. Blaydes, T.A. Riley, J.E. Klamenrus, and E.T. Bubacz's fabricated the charges that the plaintiff, Timothy Jordan, II, possessed a gun in violation of the Fourteenth Amendment.

WHEREFORE, the plaintiff, TIMOTHY D. JORDAN, II, prays for an order granting judgment in favor of the plaintiff and against the defendants, OFFICERS L.C. BLAYDES, J.E. KLAMENRUS, T.A. RILEY and E.T. BUBACZ, and seeks compensatory damages in an amount in excess of $100,000, including punitive damages and attorney's fees and for whatever other relief this court deems just and reasonable.

### Count V-Section 1983 Conspiracy

35. Plaintiff realleges every paragraph in this Complaint as though fully set forth herein as its allegations to paragraph No. 35.

36. Defendant Officers entered into an agreement amongst themselves to deprive Plaintiff, Timothy Jordan, II, of his constitutional rights and to participate in an unlawful act or act in an unlawful manner toward Plaintiff.

37. One or more of the defendant parties to this agreement took an overt act in furtherance of this conspiracy, all in violation of federal law.

WHEREFORE, the plaintiff, TIMOTHY D. JORDAN, II, prays for an order granting judgment in favor of the plaintiff and against the defendants, OFFICERS L.C. BLAYDES, J.E. KLAMENRUS, T.A. RILEY and E.T. BUBACZ, and seeks compensatory damages in an amount in excess of $100,000, including punitive damages and attorney's fees and for whatever other relief this court deems just and reasonable.

### Count VI-State Law Intentional Infliction of Emotional Distress

38. Plaintiff realleges every paragraph in this Complaint as its allegations to paragraph No. 38 as though fully set forth herein.

39. Defendant Officers intentional actions toward Plaintiff, Timothy Jordan, II, described above, directly caused and constituted intentional infliction of emotional distress because their actions were extreme and outrageous, undertaken with the intent to inflict severe emotional distress or with knowledge that there was a high probability that their conduct would inflict such distress, and Plaintiff suffered severe emotional distress during his more than five years of incarceration until his discharge on or around October 4, 2019 as a result of Defendant Officers' conduct.

WHEREFORE, the plaintiff, TIMOTHY D. JORDAN, II, prays for an order granting judgment in favor of the plaintiff and against the defendants, OFFICERS L.C. BLAYDES, J.E. KLAMENRUS, T.A. RILEY and E.T. BUBACZ, and seeks compensatory damages in an amount in excess of $100,000, including punitive damages and for whatever other relief this court deems just and reasonable.

### Count VII-State Law Conspiracy

40. Plaintiff realleges every paragraph in this Complaint as his allegations to paragraph No. 40 as though fully set forth herein.

41. One or more of the Defendant Officers entered into an agreement amongst themselves to commit state-law torts against Plaintiff, constituting a conspiracy under Illinois law. One or more of the parties to this agreement took an overt act in furtherance of this conspiracy that was in violation of Illinois law and caused Plaintiff harm and resulted in harm to the plaintiff, Timothy Jordan, II, through his incarceration until his discharge on or about October 4, 2019.

WHEREFORE, the plaintiff, TIMOTHY D. JORDAN, II, prays for an order granting judgment in favor of the plaintiff and against the defendants, OFFICERS L.C. BLAYDES, J.E. KLAMENRUS, T.A. RILEY and E.T. BUBACZ, and seeks compensatory damages in an amount in excess of $100,000, including punitive damages and for whatever other relief this court deems just and reasonable.

### Count VIII- State Law Indemnification

42. Plaintiff realleges every paragraph in this Complaint as his allegation to paragraph No. 42 as though fully set forth herein.

43. Illinois law provides that Defendant City of Chicago (dismissed) must indemnify the Defendant Officers for any liability arising out of the scope of their employment activities. Accordingly, the City of Chicago must pay any tort judgment awarded to Plaintiffs for compensatory damages resulting from the Defendant Officers' actions.

WHEREFORE, the plaintiff, TIMOTHY D. JORDAN, II, prays for an order granting judgment in favor of the plaintiff and against the defendants, OFFICERS L.C. BLAYDES, J.E. KLAMENRUS, T.A. RILEY and E.T. BUBACZ, and seeks compensatory damages from their employer and defendant, the CITY OF CHICAGO, and for whatever other relief this court deems just and reasonable.

### Count IX-State Law Respondeat Superior

44. Plaintiff realleges every paragraph in this Complaint as his allegations to paragraph No. 44 as though fully set forth herein.

45. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the City of Chicago acting at all relevant times within the scope of their employment. Defendant City of Chicago is liable as principal for all state-law torts committed by its agents.

WHEREFORE, the plaintiff, TIMOTHY D. JORDAN, II, prays for an order granting judgment in favor of the plaintiff and against the defendants, CITY OF CHICAGO, OFFICERS L.C. BLAYDES, J.E. KLAMENRUS, T.A. RILEY and E.T. BUBACZ, and seeks compensatory damages from their employer, the CITY OF CHICAGO and for whatever other relief this court deems just and reasonable.

### Count X-Section 1983-Municipal Liability

46. Plaintiff realleges every paragraph in this Complaint as his allegations of paragraph No. 46 as though fully set forth herein.

47. Plaintiff's constitutional injuries described in Counts I, II, III, IV, and V were proximately caused by the policies and practices on the part of Defendant, City of Chicago, for failing to train, supervise, discipline, and control its police officers. Indeed, the Defendant Officers' misconduct was undertaken pursuant to the City's policy and practice in that:

   a. As a matter of both policy and practice, the City directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise, and control its officers, such that its failure to do so manifests deliberate indifference;

   b. As a matter of both policy and practice, the City facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading City of Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiffs; specifically, City of Chicago Police Officers accused of excessive force can be confident the Department will not investigate those accusations in earnest and will refuse to recommend discipline even where the officer has engaged in excessive force;

   c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago Police Department frequently abuse citizens in a manner similar to that alleged by Plaintiff;

   d. Where citizens complain to the City of Chicago Police Department that they have been subjected to excessive force by City of Chicago Police Officers, the Department's policy and practice is to affirmatively discourage those persons from pursuing criminal charges against the offending police officers. In fact, the City's policy and practice is to institute false criminal charges against individuals to deter such complaints;

   e. The City's malicious use of legal and criminal processes is equally deficient. This policy and practice and lack of adequate training encourages City of Chicago Police Officers, such as Officer Blaydes in this case, to use violence without fear of legal consequences and to institute false criminal charges against innocent complainants;

   f. Municipal policymakers are aware of, and conduct and facilitate by their inaction, a "code of silence" in the City of Chicago Police Department, by which officers

       fail to report, and even affirmatively hide, misconduct committed by other officers such as the misconduct at issue in this case;

g.    The City and the relevant policy makers have failed to act to remedy the patterns of abuse described herein, despite actual knowledge of the same, thereby causing the types of injuries alleged herein to Timothy Jordan, II.

WHEREFORE, the plaintiff, TIMOTHY D. JORDAN, II, prays for an order granting judgment in favor of the plaintiff and against the defendants, CITY OF CHICAGO, and seeks compensatory damages and for whatever other relief this court deems just and reasonable.

                                                            Respectfully Submitted,

                                                     By:s/John J. Meehan
                                                          John J. Meehan

**LAW OFFICES OF JOHN J. MEEHAN, P.C.**
120 North LaSalle Street
Suite 2100
Chicago, IL 60602
(312) 332-6333