UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY D. JORDAN, II, | |
| Plaintiff, | No. 15 C 157 |
| v. | Judge Thomas M. Durkin |
| J.E. KLAMENRUS, L.C. BLAYDES, E.T. BUBACZ, T.A. RILEY, and CITY OF CHICAGO, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Timothy D. Jordan II brings this action against the City of Chicago and police officers J.E. Klamenrus, L.C. Blaydes, T.A. Riley, and E.T. Bubacz for several alleged constitutional and related state-law violations stemming from his 2014 arrest and detention. The Defendant officers filed a partial motion to dismiss Jordan's third amended complaint. R. 83. The City of Chicago filed a separate motion to dismiss Jordan's *Monell* claim. R. 92. For the following reasons, the City's motion is granted, and the officers' motion is granted in part and denied in part.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Background

On the night of April 30, 2014, Jordan alleges that he was standing outside of his aunt's house when Officers Riley, Blaydes and Bubacz pulled up in an unmarked police car, and Officers Blaydes and Bubacz exited, placed Joradan in handcuffs, and searched him. R. 81 ¶¶ 12-13. The officers did not find a firearm or illegal contraband but took Jordan's cellphone and identification. *Id.* ¶¶ 14-15. Officer Riley, who had remained in the police car, ran Jordan's information and yelled to Blaydes and Bubacz that Jordan was a felon, "and a big one at that." *Id.* ¶ 16. When Jordan objected to his detention and the search, Blaydes struck him in the face and ordered him to "shut up." *Id.* ¶ 17.

2

The officers transported Jordan to a police station where he was booked, given a gunshot residue test, and told for the first time that he was being accused of possessing a gun that was recently "stove-piped" and discharged. *Id.* ¶¶ 20-21. The gun he allegedly possessed underwent forensic testing and was found to have been discharged shortly before his arrest. *Id.* ¶ 24. Meanwhile, the gunshot residue test showed no residue on Jordan's body or clothing. *Id.* ¶ 25.

Jordan was charged with two counts of unlawful use or possession of a weapon by a felon and six counts of aggravated unlawful use of a weapon. *Id.* ¶ 22. Jordan remained incarcerated awaiting trial from April 30, 2014 through October 2019. *Id.* ¶ 23; R. 83 at 2. On October 4, 2019, Jordan pleaded guilty to an amended charge of reckless discharge of a firearm and the prosecution dismissed the remaining charges *nolle prosequi*. R. 83-3 at 2, 5, 12. The state court accepted the guilty plea based on the factual basis that "on April 30, 2014, the defendant discharged a firearm which endangered another's bodily safety." *Id.* at 9. Jordan was sentenced to time served and released from custody shortly thereafter. R. 83 at 2.

Jordan's third amended complaint alleges claims under 42 U.S.C. § 1983 for excessive force (Count I); false imprisonment (Count II); malicious prosecution (Count III); fabrication of evidence (Count IV); conspiracy (Count V); and *Monell* liability (Count X). The complaint also alleges state-law violations for intentional infliction of emotional distress (Count VI); state-law conspiracy (Count VII); and indemnification and respondeat superior (Counts VIII and IX). Defendants moved to dismiss Counts II-VII and Count X.

3

**Analysis**

I. <u>Section 1983 Claims for False Imprisonment, Malicious Prosecution, Fabrication of Evidence, and Conspiracy (Counts II-V)</u>

Defendants move to dismiss Counts II-V as barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Under *Heck*, a civil claim must be dismissed if "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. In determining whether *Heck* applies, "a district court must analyze the relationship between the plaintiff's § 1983 claim and the charge on which he was convicted." *VanGilder v. Baker*, 435 F.3d 689, 691 (7th Cir. 2006). If the plaintiff "makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997)). If, however, "the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *VanGilder*, 435 F.3d at 691 (quoting *Heck*, 512 U.S. at 487).

In Counts II-V, Jordan alleges that the Defendant officers fabricated that he possessed a gun (Count IV), and then used that fabricated evidence to detain and prosecute him (Counts II and III). *See* R. 81 ¶¶ 29-41.[1]

These allegations, if successful, would necessarily imply the invalidity of

---

[1] Counts V concerns Defendants' conspiracy to do so.

4

Jordan's conviction for reckless discharge of a firearm and are thus barred by *Heck*. Under Illinois law, a "person commits reckless discharge of a firearm by discharging a firearm in a reckless manner which endangers the bodily safety of an individual." 720 ILCS 5/24-1.5. The offense "require[s] proof that a defendant actually possessed a firearm." *In re Nasie M.*, 45 N.E.3d 347, 353 (Ill. App. Ct. 2015). Thus, a finding that Jordan never had a firearm but was framed by the Defendants would necessarily call his conviction into question.

Jordan's arguments to the contrary are unavailing. First, Jordan argues that *Heck* does not apply to a plaintiff who is no longer in custody and cannot pursue habeas relief. The Seventh Circuit recently rejected Jordan's exact argument. *See Savory v. Cannon*, 947 F.3d 409, 421 (7th Cir. 2020) ("The dicta of five Justices in *Spencer* [*v. Kemna*, 523 U.S. 1 (1998)] did not overrule the holding and reasoning of *Heck*, and a plaintiff's failure to pursue habeas relief when it was available is irrelevant to whether the *Heck* bar applies."). This argument is thus unpersuasive.

Second, Jordan argues that his claims "are grounded in Fourth Amendment violations," which do not necessarily implicate *Heck*. R. 94-1 at 7. While it is true that some Fourth Amendment claims do not trigger *Heck*, *see, e.g., Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010) (Fourth Amendment excessive force claim); *Mordi v. Zeigler*, 870 F.3d 703, 708 (7th Cir. 2017) (Fourth Amendment claim based on racial profiling in traffic stop), Jordan's claims do not fall into that category.

*Okoro* is instructive. In *Okoro*, the plaintiff was convicted of a drug offense and later sued federal and state officers seeking return of gems and cash he claimed they

5

stole while searching his home. 324 F.3d at 489. The Seventh Circuit explained that "Okoro could be guilty of drug violations yet also have been victim of a theft by the officers who arrested him." *Id.* Because Okoro insisted from the outset that there were no drugs and he was framed, however, any success on his claim would be inconsistent with the validity of his conviction and was *Heck* barred. *Id.* at 490.

Similarly, Jordan's claims do not challenge the lawfulness of the officers' initial search and seizure. Rather, the complaint alleges that Jordan never possessed a gun and the officers framed him. If Jordan prevailed on these facts, it would be incompatible with his reckless discharge of a firearm conviction, the exact situation *Heck* aims to prevent.

Finally, Jordan contends that because the factual basis on which the state court accepted his guilty plea – "on April 30, 2014, the defendant discharged a firearm which endangered another's bodily safety" – does not reference the time, the plea may concern a different incident unrelated to the allegations in this case.[2] Tellingly, Jordan does not claim that the plea *does* relate to an earlier event, only that it could. Such an inference is not reasonable. *See Adelekan v. Dec*, 2013 WL 1499037, at *1 (N.D. Ill. Apr. 10, 2013) ("Rule 12(b)(6) calls for drawing reasonable inferences in

---

[2] Defendants attached the change of plea hearing transcript to their motion to dismiss. R. 83-3. A court can take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir. 1997). "This principle can extend to criminal plea agreements and transcripts of criminal court hearings." *Schwind v. Koste*, 2020 WL 3035997, at *3 (N.D. Ill. June 4, 2020) (collecting cases).

6

favor of the plaintiff pleader. But even so, the requirement of reasonableness remains[.]"). Jordan's guilty plea was entered in the criminal case that concerned the same facts underlying this lawsuit. Under Illinois law, "[t]wo or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged . . . are based on the same act or on 2 or more acts which are part of the same comprehensive transaction." 725 ILCS 5/111-4(a). Accepting Jordan's theory, which has no basis in the complaint and was raised only in response to the motion to dismiss, would require the Court to infer that the prosecutor impermissibly joined an unrelated gun offense to the "transaction" that occurred between 9:00 and 10:00 p.m. on April 30, 2014. Moreover, even if the plea related to a different incident on April 30, 2014, Jordan's claims would fail because his earlier discharge of a gun would provide probable cause for his detainment. *See Abbott v. Sangamon Cty.*, 705 F.3d 706, 714 (7th Cir. 2013) ("The existence of probable cause to arrest is an absolute defense to any claim under § 1983 against a police officer for false arrest or false imprisonment."). Accordingly, Counts II-V are barred by *Heck* and must be dismissed.[3]

---

[3] Count III also fails because there is no claim for Fourth Amendment malicious prosecution. *See Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018). To the extent Jordan alleges a state law malicious prosecution claim, it also falls flat. "For purposes of a malicious prosecution action, the plaintiff has the burden to prove that the nolle prosequi was entered for reasons related to his innocence." *Lund v. City of Rockford*, 956 F.3d 938, 949 (7th Cir. 2020). "The abandonment of the proceedings is not indicative of the innocence of the accused when the *nolle prosequi* is the result of an agreement or compromise with the accused[.]" *Swick v. Liautaud*, 662 N.E.2d 1238, 1243 (Ill. 1996). Because the nolle prosequi resulted from Jordan's guilty plea, he cannot satisfy the favorable termination element of a state-law malicious prosecution claim.

7

II. <u>State-Law Claims for Intentional Infliction of Emotional Distress and Conspiracy (Counts VI and VII)</u>

Jordan also brings state-law claims for conspiracy and intentional infliction of emotional distress based on the same conduct at issue in Counts II-V. Because *Heck* also applies to Illinois state-law claims, Jordan's conspiracy claim is dismissed. *See Johnson v. Chibicki*, 2011 WL 5868010, at *2 (N.D. Ill. Nov. 21, 2011) ("The rule set forth in *Heck* applies with equal force to state law claims."); *Littrell v. Gulbrantson*, 2018 WL 2933664, at *7 (N.D. Ill. June 12, 2018) ("plaintiff's state law claims . . . are dismissed because Illinois has adopted the rule of *Heck* for claims arising under Illinois law.").

For the same reason, Jordan's intentional infliction of emotional distress claim is dismissed to the extent it relates to Defendants' fabrication of evidence and his false imprisonment. However, Jordan also brings an excessive force claim based on Officer Blaydes's having allegedly punched him in the face after he was already handcuffed. *See* R. 81 ¶ 17; R. 94-1 at 12. At the pleading stage, this allegation is enough to support an intentional infliction of emotional distress claim, especially considering that there is nothing to indicate Jordan was resisting arrest when Blaydes struck him. *See Puch v. Village of Glenwood*, 2012 WL 2502688, at *7 (N.D. Ill. June 27, 2012) (denying motion for judgment on the pleadings on plaintiff's IIED claim because it was tied to his excessive force claim and a jury could conclude officers' conduct during arrest was extreme, outrageous, and intended to inflict severe emotional harm). Accordingly, Jordan's intentional infliction of emotional distress claim may proceed to the extent it relates to the excessive force used during his

8

arrest.[4]

III.     *Monell* Claim (Count X)

Jordan also brings a *Monell* claim against the City of Chicago. "A government entity can be held liable under § 1983 when the execution of a government policy or custom is deemed to inflict an injury on a plaintiff." *Rossi v. City of Chicago*, 790 F.3d 729, 737 (7th Cir. 2015) (citing *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978)). To establish liability under *Monell*, a plaintiff must show that "the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook County Sherriff's Dep't.*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell*, 436 U.S. at 690). The policy, practice, or custom must be the "moving force" behind the constitutional violation. *Wilson v. Cook County*, 742 F.3d 775, 780 (7th Cir. 2014) (quoting *Teesdale v. City of Chicago*, 690 F.3d 829, 833 (7th Cir. 2012)). "[M]isbehavior by one or a group of officials is only relevant where it can be tied to the policy, customs, or practices of the institution as a whole." *Rossi*, 790 F.3d at 737.

Jordan contends that the Chicago Police Department's "code of silence" and failure "to train, supervise, discipline, and control its police officers" led to the officers' violation of his civil rights. In so arguing, however, Jordan fails to cite a single specific

---

[4] Because the Court finds that Jordan's claims are barred by the *Heck* doctrine, it need not address Defendants' alternative argument that Counts II-VII are barred by collateral estoppel.

9

instance of similar misconduct. R. 81 ¶ 47. While it is not impossible for a plaintiff to demonstrate the existence of an unofficial policy or custom based on his own experience, it is "necessarily more difficult . . . because 'what is needed is evidence that there is a true municipal policy at issue, not a random event.'" *Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008) (quoting *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th 2008)). As such, "courts in this district generally dismiss *Monell* claims in which '[a]ll of the allegations in the Complaint pertain exclusively to [the plaintiff].'" *Elder v. Dart*, 2015 WL 509555, at *3 (N.D. Ill. Feb. 4, 2015) (alteration in original) (quoting *Davis v. Metro. Pier & Exposition Auth.*, 2012 WL 2576356, at *12 (N.D. Ill. July 3, 2012)); *see also Lewis v. County of Cook*, 2011 WL 839753, at *14 (N.D. Ill. Feb. 24, 2011) (dismissing *Monell* claim because the plaintiff "does not allege facts supporting retaliatory conduct against anyone other than herself").

Rather than citing similar instances of misconduct, Jordan merely recites the elements of a *Monell* claim in conclusory fashion. That is not enough to survive a motion to dismiss. *See, e.g., McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011) (affirming dismissal of *Monell* claim and noting that many of the alleged "facts" were merely legal conclusions or elements of the cause of action); *Starks v. City of Waukegan*, 946 F. Supp. 2d 780, 792 (N.D. Ill. 2013) (dismissing *Monell* claim because the plaintiff only included boilerplate allegations in his complaint); *Smith v. Preston*, 2012 WL 698889, at *2 (N.D. Ill. Feb. 29, 2012) (dismissing *Monell* claim because plaintiff only provided general allegations as to certain policies and practices that existed). Accordingly, Count X is dismissed.

## Conclusion

For the reasons stated, the City's motion is granted, R. 92, and the officers' motion is granted in part and denied in part. R. 83. Counts II-V, VII, and X are dismissed without prejudice. Count VI is dismissed without prejudice except to the extent it relates to Officer Blaydes' use of excessive force during Jordan's arrest. Because the excessive force and intentional infliction of emotional distress claims relate only to Officer Blaydes, the remaining individual Defendants are dismissed. Should Plaintiff's counsel believe he can cure the deficiencies identified consistent with his obligations under Federal Rule of Civil Procedure 11, he may move for leave to file an amended complaint by August 27, 2020. The motion should attach a redlined comparison between the current complaint and the proposed amended complaint, and it should be supported by a brief of no more than five pages describing how the proposed amended complaint cures the deficiencies. Otherwise, the affected claims will be dismissed with prejudice and the case will move forward solely on Jordan's remaining claims.

ENTERED:

*Thomas M Durkin*

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: August 6, 2020